|   |   |
|---|---|
| Jing Li<br><br>                            *Plaintiff,*<br>       v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, JEH CHARLES JOHNSON, L. FRANCIS CISSNA, RON ROSENBERG, DONNA CAMPAGNOLO, and KRISTINE R. CRANDALL<br><br>                           *Defendants.* | Civil Action No.: 3:17-cv-11678 (PGS)(DEA)<br><br><br><br>MEMORANDUM AND ORDER |

SHERIDAN, U.S.D.J.

    This matter is before the Court on a motion to dismiss by Defendants United States Citizenship and Immigration Services et al. (ECF No. 10-1).

I

    Plaintiff Jing Li is a national and citizen of the People's Republic of China, and she last entered the United States on 7/7/2017. (ECF No. 1, Compl., ¶7). The Defendants United States Citizenship and Immigration Services is a bureau within the Department of Homeland Security ("DHS") and is responsible for the administration and enforcement of the Immigration and Nationality Act ("INA") and all other laws relating to the immigration and naturalization of non-citizens. (*Id.* at ¶8). Defendant Jeh Charles Johnson is the Secretary of DHS, and his responsibilities are denoted n 8 U.S.C. §§ 1103(a)(1)-(3). (*Id.* at ¶9). Defendant L. Francis Cissna is the Director of USCIS, a position created by Section 451 of the Homeland Security Act. (*Id.* at ¶10). Defendant Ron Rosenberg is chief of the Administrative Appeals Unit of USCIS, which is

an office authorized by 8 C.F.R. § 1003(a)(1)(iv) under the appellate jurisdiction of the Associate Commissioner of Examinations to review actions of USCIS. (*Id.* at ¶11). Defendant Donna Campagnolo is the acting Director of the U.S. Citizenship and Immigration Services of the U.S. Department of Homeland Security, who denied Plaintiff's application. (*Id.* at ¶12). Defendant Kristine R. Crandall is the acting Director of the U.S. Citizenship and Immigration Services of the U.S. Department of Homeland Security, who denied Plaintiff's I-290B form. (*Id.* at ¶13).

The Plaintiff is the president of GreenTV USA, Inc., a U.S. subsidiary of GreenTV Corporation in China, and she was sent to the U.S. by her company to start a branch in North America. (*Id.* at ¶14). Initially, the Plaintiff was granted approval of an L-1A visa in May 2013; by the time the U.S. Consulate processed her application, she had about 8 months remaining on her visa. (*Id.* at ¶15). Needing more time than 8 months to establish the new branch of the company, Plaintiff had to apply for an extension for her L-1A visa. (*Id.* at ¶¶16-17). Plaintiff did not receive approval of the extension for nearly a year, which meant she had to return to China to wait for the decision before she was allowed back in the U.S. (*Id.* at ¶18). When Plaintiff's L-1A extension was granted on 2/6/2015 via the I-797A Approval Notice Form, the new expiration date was set to 5/31/2015, about 3 months after the original deadline instead of the two years usually given by USCIS. (*Id.* at ¶19). By the time the U.S. Consulate processed her L-1A extension visa, there were only 24 days left on her approval when she arrived in the U.S. on 5/8/2015. (*Id.* at ¶20). Because it was impossible to operate a business successfully in 24 days and realizing that even an approved L-1A extension could not provide adequate extension, on 5/25/2015, the company submitted I-140 and I-485 on her behalf seeking adjustment of her status instead of filing another application for L-1A extension. (*Id.* at ¶21). The Plaintiff's I-140 application was approved on 1/29/2016. (*Id.* at ¶22). There was no decision on the I-485 application for over two years, so in the interim, as the

president of the company, the applicant needed to travel outside of the U.S., to meet with clients. (*Id.* at ¶¶23-24). The Plaintiff's employer filed and received approval for an I-131 application to the USCIS to leave and reenter the U.S., and Plaintiff used this travel document (I-131) to leave and reenter the U.S. on a number of occasions. (*Id.* at ¶¶25-26). The Plaintiff was issued a valid I-94 Arrival/Departure form based on her underlying travel document. (*Id.*).

As a part of the I-485 adjustment of status application, the USCIS asked the Plaintiff to "submit proof of your continuous employment authorization in the U.S. from June 1, 2015 to present. Such evidence may include copies of: Employment authorization documents (Forms I-688 or I-766) granted to you by this Service; Form I-797 approval notices, showing you were granted status in an employment authorized nonimmigrant classification; and/or copies of Form I-94 Arrival/Departure Records showing you were admitted to the U.S. in an employment-authorized nonimmigrant status. (*Id.* at ¶27). In response to this Request for Evidence, the Plaintiff provided the following: A Form I-797A Approval Notice showing she had been approved for L-1A from June 1, 2013 to May 31, 2015; A Form I-797 Approval Notice for the underlying Form I-140 immigrant Petition for Alien Worker; A Form I-797 I-131, Approval Notice for her Application for Travel Document and; a copy of her most recent I-94 showing an admission date of April 1, 2017 and an expiration date of March 31, 2018. (*Id.* at ¶28).

On July 24, 2017, the Defendants denied Plaintiff's I-485 application in a letter stating, in part: "While maintaining status is not necessary after filing your Form I-485, maintaining work authorization is required;" and "The document you submitted did not establish that you had work authorization from June 1, 2015 until the present." (*Id.* at ¶29). On 11/2/2017, in response to the plaintiff's Form I-290B, Notice of Appeal, the Defendants, citing that Plaintiff did not provide

3

"new evidence establishing the fact that the applicant had work authorization from June 1, 2015 until the present," denied her motion for reconsideration. (*Id.* at ¶30).

Plaintiff is suing USCIS on three counts:

1. Defendants' Action was in Conflict with INA 245(C)(2) and 245(C)(8)
2. Defendants' Action was Arbitrary, Capricious and Unreasonable and Defies Common Sense; and
3. Defendants Continued to Recognize that the Applicant has Work Authorization Incident to her L-1A Status During the Pendency of the Applicant's Adjustment of Status Application by Granting her a Travel Document to Continue to Do Such Work

Jing Li filed an initial complaint against Defendants on November 15, 2017. (ECF No. 1). Defendants filed for a motion to dismiss for lack of jurisdiction and, in the alternative, for summary judgment on May 4, 2018. (ECF No. 10). Plaintiff then filed for a motion to amend/correct complaint on June 4, 2018. (ECF No. 13). Plaintiff is motioning to amend the original Complaint to challenge USCIS's actions with respect to other applications and petitions Plaintiff made or were made on Plaintiff's behalf. Plaintiff argues that even if the District Court is barred from reviewing the applicant's I-485 adjustment of status decision under 8 U.S.C. § 1252(a)(2)(B)(ii), this bar does not extend to the Plaintiff's challenge to the agency's unreasonable action taken on her L-1A extension application or her I-131 application.

II

Pursuant to the Federal Rules of Civil Procedure, Rule 12(b)(1), a claim can be dismissed for "lack of jurisdiction over the subject matter." This motion to dismiss may be asserted at any time in a case. *In re Kaiser Group Int'l, Inc.*, 399 F.3d 558, 565 (3d Cir. 2005). In a motion to dismiss based on subject matter jurisdiction, "the standard . . . is much more demanding [than the standard under 12(b)(6)]. "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Hedges v. United States*, 404 F.3d 744, 750 (3d

Cir. 2005). If the Defendants' attack is facial, the court may take all allegations in the complaint as true and "may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction." *Liu v. Gonzales*, 2007 U.S. Dist. LEXIS 74611, at *7 (D.N.J. Oct. 5, 2007). The standard of review differs substantially from that under Rule 12(b)(6), however, when the challenge is factual. Then, there is no presumption of truthfulness to a plaintiff's claims in the complaint. *RLR Invs., LLC v. Town of Kearny*, No. 06-cv-4257, 2007 U.S. Dist. LEXIS 44703, at *8 (D.N.J. June 20, 2007) (citations omitted). Thus, consideration of the motion does not have to be limited, conflicting evidence may be considered so that the court can decide factual issues that may bear on its jurisdiction. *Id.* Furthermore, "[w]hen resolving a factual challenge, the court may consult materials outside the pleadings, and the burden of proving jurisdiction rests with the plaintiff." *Med. Soc'y of N.J. v. Herr*, 191 F. Supp. 2d 574, 578 (D.N.J. 2002) (citing *Gould Elecs. Inc. v. U.S.*, 220 F.3d 169, 176 (3d Cir. 2000)). However, "[w]here an attack on jurisdiction implicates the merits of plaintiff's [F]ederal cause of action, the district court's role in judging the facts may be more limited." *RLR Invs., LLC*, 2007 U.S. Dist. LEXIS 44703, at *9 (internal citations omitted).

### III.

Defendants argues that Congress has expressly stripped district courts of subject matter jurisdiction over "any judgment regarding the granting of relief under 8 U.S.C. § 1255," as well as "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified . . . to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii). That jurisdictional bar applies "regardless whether the judgment, decision, or action is made in removal proceedings." Defendants claim that Plaintiff's challenge of CIS's denial of her I-485 application and seeking

reversal of that decision falls within this jurisdictional bar. (Def. Br., ECF No. 10-1, p.20). Defendants argue that because the only relief Plaintiff is seeking is an order overturning CIS's denial of her I-485 application for adjustment of status, Plaintiff's challenge falls within the plain language of the jurisdiction-barring provision 8 U.S.C. § 1252(a)(2)(B). *Id.* Consequently, Defendants argue that this Court lacks subject matter jurisdiction and should dismiss the Complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *Id.*

Defendants argue that even if this Court determines that it has subject matter jurisdiction over this action, Defendants are entitled to summary judgment. *Id.* at 22. Plaintiff failed to provide evidence that she had authorization to work in the United States is supported by the Certified Administrative Record, and absent a showing of proper work authorization, CIS could not approve Plaintiff's I-485 application. *Id.* Defendants argue that because of this, Plaintiff could not carry her heavy burden to show that CIS's decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *Id.*

Section § 1255(a) sets forth three eligibility requirements for adjustment of status: "(1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed." 8 U.S.C. § 1255(a). The Defendants states that Plaintiff had satisfied the baseline criteria, but under § 1255(c)(1), an alien who engages in more than 180 days of unauthorized employment in the United States cannot adjust her status. *Id.* at 23. Plaintiff provided documents in response to CIS's request for proof of her authorization to work in the United States, but none of those documents were valid for the purpose. Defendants denied Plaintiff's I-485 application after concluding that she failed to show employment authorization. *Id.* at 24. Defendants argue that this action was proper because

Plaintiff's L-1A nonimmigrant status and the authorization she had to work in the United States expired on May 31, 2015. *Id.* at 24. In order for Plaintiff to maintain work authorization after May 31, 2015, she would have had to submit an I-765, which she failed to do. *Id.* Plaintiff continued to work without proper authorization from June 1, 2015 through July 24, 2017, which greatly exceeded the maximum amount of unauthorized employment days allowed by § 1255(k). *Id.* at 25.

Defendants contend that Plaintiff's argument is that CIS's decision is "clearly at odds" with 8 U.S.C. § 1255(c)(2) and (c)(8). *Id.* at 26. Plaintiff disputes Defendants' conclusion that she worked in the United States without authorization because she "did not need to apply for work authorization, because such authorization is incident to Plaintiff's nonimmigrant status." Plaintiff argues that because she once held a valid L-1A visa, she did not need a separate employment authorization from Defendants. Defendants argue that because her L-1A nonimmigrant status expired on May 31, 2015 and that her employer did not file a further extension, she no longer had valid employment authorization. *Id.* Instead of filing an extension for her L-1A visa that was set to expire May 31, 2015, Plaintiff and her employer began the process of seeking to adjust Plaintiff's status to that of a lawful permanent resident. *Id.* at 27. Plaintiff filed an I-140 petition and it was approved on January 29, 2016. *Id.* However, Defendants state that an alien does not obtain authorization to work solely by virtue of having filed an I-140 or an I-485 application. *Id.* Plaintiff failed to concurrently file a Form I-765 for employment authorization at the time she filed her I-485 adjustment application on May 28, 2015. *Id.* at 28. Defendants argue that the absence of the I-765 is fatal to Plaintiff's challenge to Defendants' determination because, without that application, she cannot show that she had authorization to work in the United States. *Id.* There is no statutory or regulatory basis by which an alien with a pending I-140 petition or an I-485 application receives authorization to work in the United States simply by virtue of having

submitted these forms. *Id.* Therefore, Plaintiff has no basis in law for her argument, and she cannot meet her burden of showing that Defendants' denial of her I-485 application was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.*

Defendants further argue that Plaintiff's equitable estoppel claim, one where Plaintiff reasonably relied upon Defendants' act of granting her a Travel Document to continue to work, would fail for several reasons. *Id.* at 29. First, Defendant argues that because the Court lacks jurisdiction over a challenge to Defendants' denial of Plaintiff's I-485 application, the Court lacks jurisdiction over Plaintiff's estoppel claim through which Plaintiff seeks to reverse Defendants' denial. *Id.* Second, to the extent Plaintiff's challenge can be heard in this Court, her challenge to Defendants' decision is subject to the APA's deferential standard review. *Id.* at 30. Defendants argue that Plaintiff cannot escape APA's framework by seeking to overturn the agency's decision under the guise of a federal common law claim; doing so would frustrate Congressional intent behind the APA. *Id.* Third, Defendants argue that there are no facts here in support of an equitable estoppel claim. The Plaintiff does not identify any affirmative misconduct by CIS personnel, which is a prerequisite for an estoppel claim against the Government. *Id.* Lastly, Defendants argue that Plaintiff's position that she could work in the United States without authorization is inherently unreasonable because it contradicts federal statutes and regulations. *Id.* at 31. Thus, because Plaintiff cannot show "reasonable reliance," she cannot raise an equitable estoppel claim. *Id.*

8 U.S.C. § 1252(a)(2)(B)(ii) precludes judicial review of a "decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter (§§ 1151-1378) to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii). Under § 1252(a)(2)(B), district courts do not have the jurisdiction to review the denied I-485 applications because these determinations are "in

submitted these forms. *Id.* Therefore, Plaintiff has no basis in law for her argument, and she cannot meet her burden of showing that Defendants' denial of her I-485 application was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.*

Defendants further argue that Plaintiff's equitable estoppel claim, one where Plaintiff reasonably relied upon Defendants' act of granting her a Travel Document to continue to work, would fail for several reasons. *Id.* at 29. First, Defendant argues that because the Court lacks jurisdiction over a challenge to Defendants' denial of Plaintiff's I-485 application, the Court lacks jurisdiction over Plaintiff's estoppel claim through which Plaintiff seeks to reverse Defendants' denial. *Id.* Second, to the extent Plaintiff's challenge can be heard in this Court, her challenge to Defendants' decision is subject to the APA's deferential standard review. *Id.* at 30. Defendants argue that Plaintiff cannot escape APA's framework by seeking to overturn the agency's decision under the guise of a federal common law claim; doing so would frustrate Congressional intent behind the APA. *Id.* Third, Defendants argue that there are no facts here in support of an equitable estoppel claim. The Plaintiff does not identify any affirmative misconduct by CIS personnel, which is a prerequisite for an estoppel claim against the Government. *Id.* Lastly, Defendants argue that Plaintiff's position that she could work in the United States without authorization is inherently unreasonable because it contradicts federal statutes and regulations. *Id.* at 31. Thus, because Plaintiff cannot show "reasonable reliance," she cannot raise an equitable estoppel claim. *Id.*

8 U.S.C. § 1252(a)(2)(B)(ii) precludes judicial review of a "decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter (§§ 1151-1378) to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii). Under § 1252(a)(2)(B), district courts do not have the jurisdiction to review the denied I-485 applications because these determinations are "in

submitted these forms. *Id.* Therefore, Plaintiff has no basis in law for her argument, and she cannot meet her burden of showing that Defendants' denial of her I-485 application was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.*

Defendants further argue that Plaintiff's equitable estoppel claim, one where Plaintiff reasonably relied upon Defendants' act of granting her a Travel Document to continue to work, would fail for several reasons. *Id.* at 29. First, Defendant argues that because the Court lacks jurisdiction over a challenge to Defendants' denial of Plaintiff's I-485 application, the Court lacks jurisdiction over Plaintiff's estoppel claim through which Plaintiff seeks to reverse Defendants' denial. *Id.* Second, to the extent Plaintiff's challenge can be heard in this Court, her challenge to Defendants' decision is subject to the APA's deferential standard review. *Id.* at 30. Defendants argue that Plaintiff cannot escape APA's framework by seeking to overturn the agency's decision under the guise of a federal common law claim; doing so would frustrate Congressional intent behind the APA. *Id.* Third, Defendants argue that there are no facts here in support of an equitable estoppel claim. The Plaintiff does not identify any affirmative misconduct by CIS personnel, which is a prerequisite for an estoppel claim against the Government. *Id.* Lastly, Defendants argue that Plaintiff's position that she could work in the United States without authorization is inherently unreasonable because it contradicts federal statutes and regulations. *Id.* at 31. Thus, because Plaintiff cannot show "reasonable reliance," she cannot raise an equitable estoppel claim. *Id.*

8 U.S.C. § 1252(a)(2)(B)(ii) precludes judicial review of a "decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter (§§ 1151-1378) to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii). Under § 1252(a)(2)(B), district courts do not have the jurisdiction to review the denied I-485 applications because these determinations are "in

the discretion of" immigration officials acting under the authority of the Attorney General. *Ayanbadejo v. Chertoff*, 517 F.3d 273, 276 (5th Cir. 2008). *Safadi v. Howard* presented an in-depth analysis of whether courts are precluded from reviewing decision or action of USCIS. *Safadi v. Howard*, 466 F. Supp. 2d 696, 698 (E.D.Va. 2006). There, the court established that the meaning of 8 U.S.C. § 1252(a)(2)(B) is "refreshingly free from ambiguity and its terms are pellucidly clear: It means that courts are precluded from reviewing *any* discretionary decision or action of USCIS." *Id.* Specifically, subsection (i) excludes from judicial review any judgment regarding whether to grant or *deny* adjustment of status, while subsection (ii) excludes from judicial review any other decision or action specified to be within USCIS's discretion. *Id.* (emphasis added). Additionally, *Sadafi* held that the court lacked subject matter jurisdiction because the term "action" in § 1252(a)(2)(B)(ii) "encompasses any act or series of acts that are discretionary within the adjustment of status process" *Id.*

For a foreign national whose application for adjustment of status is sponsored by an American company – the first step in the I-485 application process is to submit a Form I-140 immigration petition. A Form I-140 is a petition submitted by a U.S. employer that requests permission to employ a foreign worker in a specific job category; if it is approved, the foreign worker becomes eligible to receive an immigrant visa which, in turn, forms the foundation for the foreign worker to become a permanent resident in the United States. 8 U.S.C. § 1153(b)(1)(C); 8 C.F.R. § 204.5(a), (j)(1). An I-485 applicant does not automatically receive work authorization in the United States simply by filing the I-485 application. 8 C.F.R. § 274a.12(c)(9). The I-485 applicant must affirmatively seek and obtain permission from immigration officials to work in the United States while the I-485 is pending. *Id.* The foreign worker seeks that permission to work in the United States by filing a Form I-765 application. 8 C.F.R. § 274a.13(a); *see also* USCIS, I-765,

Application for Employment Authorization, https://www.uscis.gov/i-765 (last visited Jul. 16, 2018).

The L-1A nonimmigrant classification enables a U.S. employer to transfer an executive or manager from one of its affiliated foreign offices to one of its offices in the United States. 8 U.S.C. § 1101(a)(15)(L); *see also* USCIS, L-1A Intracompany Transferee Executive or Manager, https://www.uscis.gov/working-united-states/temporary-workers/l-1a-intracompany-transferee-executive-or-manager (last visited Jul. 16, 2018). Qualified employees entering the United States to establish a new office are allowed a maximal initial stay of one year, and all L-1A employees may request extension of stay in increments of up to an additional two years, until the employee has reached the maximum limit of seven years. *Id.* A L-1A nonimmigrant visa is issued for the express purpose of allowing a foreign national to work temporarily in the United States, and the foreign national who holds L-1A nonimmigrant status need not submit a separate application for authorization to work in the United Stated so long as the status remains valid. 8 C.F.R. § 274a.12(b)(12).

A valid Travel Document can be obtained through application of Form I-131; Form I-131 is used to apply for a re-entry permit, refugee travel document, or advance parole travel document, to include parole into the U.S. for humanitarian reasons. USCIS, I-131, Application for Travel Document, https://www.uscis.gov/i-131 (last visited Jul. 16, 2018).

IV.

At oral argument, parties agreed that the Court does not have subject matter jurisdiction to review the denial of Plaintiff's I-485 application for adjustment of status pursuant to 8 U.S.C. §1252(a)(2)(B). Adjustment of status applications are governed by 8 U.S.C. § 1255, which provided that adjustment of status decisions is committed to the Attorney General's discretion, and

that this Court is precluded from reviewing any discretionary decisions by CIS. Plaintiff was rendered a final judgment when her I-485 application for status adjustment was denied, which is a discretionary decision made by the CIS and the Attorney General. Because the only relief Plaintiff is seeking is an order overturning CIS's denial of her I-485 application for adjustment of status, jurisdiction in this Court is specifically precluded under § 1252(a)(2)(B).

However, parties also agreed that this Court has jurisdiction over Plaintiff's claim that the L-1A decision was arbitrary and capricious. *See Fogo de Chao (Holding) v. Dept. of Homeland Sec.*, 769 F.3d 1127, 1134 (2014). The L-1A nonimmigrant classification enables a U.S. employer to transfer an executive or manager from one of its affiliated foreign offices to one of its offices in the United States. 8 U.S.C. § 1101(a)(15)(L); *see also* USCIS, L-1A Intracompany Transferee Executive or Manager, https://www.uscis.gov/working-united-states/temporary-workers/l-1a-intracompany-transferee-executive-or-manager (last visited Jul. 16, 2018). As noted above, Qualified employees entering the United States to establish a new office are allowed a maximal initial stay of one year, and all L-1A employees may request extension of stay in increments of up to an additional 2 years, until the employee has reached the maximum limit of seven years. *Id.* L-1A nonimmigrant visa is issued for the express purpose of allowing a foreign national to work temporarily in the United States, the foreign national who holds L-1A nonimmigrant status need not submit a separate application for authorization to work in the United Stated so long as the status remains valid. 8 C.F.R. § 274a.12(b)(12).

Here, Plaintiff was awarded an L-1A visa in May 2013, and while the approval of the visa was good for one year, by the time the U.S. Consulate finished processing her application, she had about 8 months left. When Plaintiff arrived in the U.S. in September 27, 2013, she applied for a L-1A extension because 8 months was insufficient to do what she had planned to do. USCIS did not

approve her L-1A extension for nearly a year, so Plaintiff had to return to China to await the decision. Her L-1A extension was finally approved on February 6, 2015 with a Form I-797A Approval Notice. However, the approval of the extension was good only until May 31, 2015. Instead of granting Plaintiff the stated two-year approval provided in the USCIS guidelines from the time of the decision, USCIS granted the extension starting from when Plaintiff first received her L-1A visa in May 2013. This effectively left Plaintiff with only 24 days of valid L-1A visa when she arrived in the U.S. on May 8, 2015.

Defendant argues that the CIS guideline provides only that "[f]or all L-1A employees, requests for extension *may be* granted in increments of up to an additional two years." Additionally, Defendant claims that Plaintiff lacks Article III standing because she cannot show that her injury – the denial of her adjustment of status application – is "fairly traceable" to that adverse action.

The Court finds that USCIS's extension was granted for an inappropriate amount of time and should be reviewed. An "extension" of a visa should effectively be exactly that, to prolong upon termination of the first visa. To issue an extension on Plaintiff's L-1A visa but backtracking it to the start date of her initial L-1A visa is arbitrary and capricious. Since USCIS guidelines indicate that an individual may request L-1A visa extensions for up to a total of seven years with a maximum of two-year extension each time, this seven-year figure would never be achievable if USCIS applies such extension requests as was done here. Defendant's argument that USCIS guidelines are a discretionary decision and it *may be* grant an extension of up to two years defies common sense as an argument in this situation. Plaintiff applied for an extension as she required more time to set up a new branch of her company. Defendant take nearly a year to process Plaintiff's extension application, during which Plaintiff was forced to return to China to await the decision. Defendant ultimately granted Plaintiff a 24-days extension of her valid visa upon her

return to the U.S. That short amount of time was insufficient for Plaintiff to achieve the goals that inspired the initial request. Further, it is unclear why the process was so lengthy and why the USCIS did not consider Plaintiff's absence from the United States during the waiting period. Lastly it is unclear why the extension's deadline was set to three months after the original deadline rather than two years, as the rules appear to allow. For those reasons, the Court invites further review of Plaintiff's L-1A application.

Defendant's argument regarding Plaintiff lacking standing because the denial of her I-485 was fairly traceable to this decision on her L-1A extension is moot. The Court is simply reviewing a L-1A extension claim regardless of whether the decision reasonably impacted Plaintiff's I-485 decision.

## ORDER

**IT is** on this 14th day of August, 2018;

**ORDERED** that Defendant United States Citizenship and Immigration Services' motion for dismissal (ECF No. 10-1) is denied in part as to the L-1A application; and granted in part as to the I-485 application; and it is further,

**ORDERED** that Plaintiff's motion to amend is denied as moot (ECF 13-1); and it is further

**ORDERED** that Defendant shall review the processing as a well as the decision made in connection with Plaintiff's L-1A extension application.

The Clerk is directed to close the file.

_____
PETER G. SHERIDAN, U.S.D.J.